IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PATTI PARISH                                                                                           PLAINTIFF

v.                                         No. 2:04CV00190 GH

METROPOLITAN LIFE
INSURANCE COMPANY                                                                          DEFENDANT

# ORDER

Plaintiff filed suit in the Woodruff County Circuit Court for certain long-term care disability benefits based on the agreement between defendant and plaintiff's employer, American Greetings. Defendant removed the case on the basis that plaintiff is seeking recovery of benefits under an employee welfare benefit plan governed by ERISA.

Pending before the Court is plaintiff's motion to remand the case for lack of subject matter jurisdiction. She argues that since defendant did not attach a copy of the insurance policy, there is no evidence that it is an employee welfare benefit plan governed by ERISA based on the face of her complaint. Plaintiff also asserts concurrent jurisdiction applies until it is proven that ERISA governs.

Defendant counters that, while ERISA is not referenced in the complaint, her cause of action is to recover long term disability benefits under a plan established by her employer which is within the scope of ERISA and therefore preempted as shown by the summary plan description ("SPD") attached as an exhibit establishing a plan providing health and welfare benefits to active American Greetings associates, with employees electing coverage to pay through deductions from their payroll

-1-

checks and the claims submitted to the claims administrator – GatesMcDonald for review. It continues that, even relying on just the complaint allegations, defendant insures a long-term disability policy for plaintiff's employer; plaintiff alleges that she was diagnosed with Cushing's Syndrome which would qualify her for additional benefits under the program established by her employer.

In her reply, plaintiff maintains that defendant has still failed to provide a copy of the policy and so has not demonstrated that the policy is governed by ERISA. Turning to the SPD, plaintiff asserts that while the SPD does discuss employee benefits, it does not address the employer's involvement in the administration of the plan or how the plan is funded and even anticipates that a plaintiff may seek relief in state court.

The Court finds that the following excerpts from the case of Witthoeft v. Aon Corp., 2004 WL 2935853, *1-2 (N.D. Ill. 2004) are applicable here:

> Dennis Witthoeft filed a lawsuit against his employer Aon Corp. in Illinois state court. Witthoeft alleged that through his employment, he became a beneficiary of a group long term disability (LTD) insurance policy issued by Prudential Insurance. Following an illness, he applied for benefits under the policy and was approved, but this decision was later reversed on the basis that Witthoeft had a preexisting condition within the 90 days before the policy's effective date. Witthoeft sued for breach of contract and under the doctrine of promissory estoppel. Aon removed the case to federal court, asserting that Witthoeft's suit was a claim to recover benefits under an employee welfare benefit plan governed by the federal Employee Retirement Income Security Act and was completely preempted by federal law. Witthoeft has moved to remand the case to state court.
>
> Under the "well-pleaded complaint" rule, federal jurisdiction, including removal jurisdiction, ordinarily is determined based on the plaintiff's complaint, not on possible or anticipated defenses. See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). But under the rather inaptly named "complete preemption" doctrine, if the plaintiff's claim is one which may be brought only under federal law, then it may be recharacterized as a federal claim, and removal is proper. See, e.g., Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 967 (7th Cir. 2000). If Witthoeft's claim is, in fact, a claim for benefits under an ERISA plan, it may be brought only under ERISA, and the case was appropriately removed to federal court. Id. (citing Metropolitan Life, 481 U.S. at 67).

Under ERISA, an "employee welfare benefit plan" is a "plan, fund, or program ... established or maintained by an employer ... for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment...." 29 U.S.C. § 1002(1). Aon's employee benefit plan, as described in its materials submitted in opposition to the motion to remand, meets these criteria. The fact that part of the plan is administered by Prudential, an outside entity, does not mean that Aon did not "establish or maintain" the plan. See, e.g., Gaylor v. John Hancock Mut. Life Inc. Co., 112 F.3d 460, 465 (10th Cir. 1997) (citing 29 U.S.C. § 1105(c)(1)); cf. Brundage-Peterson v. Compcare Health Serv. Ins. Corp., 877 F.2d 509, 511 (7th Cir. 1989) (group insurance plan that employer creates by contract with an insurance company, designating which employees are eligible to enroll, is covered by ERISA).

Witthoeft points out that Aon paid none of the premiums for the LTD coverage; coverage was voluntary; the policy was provided by a separate entity, Prudential Insurance; and Prudential administered the group policy and determined claims for benefits. Based largely on these factors, and on a Department of Labor regulation indicating that a plan meeting these criteria falls outside ERISA, see 29 C.F.R. § 2510.3-1(j), Witthoeft argues that the LTD policy is not an ERISA plan and thus his claim is properly a state law claim.

The Court disagrees. Though reference to the DOL regulation is an appropriate guide for determining ERISA coverage, see Postma v. Paul Revere Life Ins. Co., 223 F.3d 533, 537 (7th Cir. 2000), it is improper to "unbundle" the various aspects of an employee benefit plan in making the determination. Id. at 538. The LTD insurance was only one aspect of the Aon employee benefit plan. Aon also provided medical and dental benefits, as well as coverage for short term disability and sick time . See Def. Resp. to Pl's Mot. for Remand, Ex. 1 (Aff. of John A. Reschke) ¶¶ 7, 13. Aon paid the cost of coverage for certain of these benefits, though not for LTD coverage. Id. ¶ 13. The benefit plan as a whole is covered by ERISA, even though the LTD insurance might not be if it were the exclusive aspect of the Aon benefit plan (a question the Court need not decide). Thus Witthoeft's claim may be made, if at all, only under ERISA.

Thus, based on the current record, the Court is persuaded that defendant properly removed the case from state court under ERISA. Accordingly, plaintiff's motion (#4) to remand is denied and the parties are to comply with the ERISA scheduling order previously filed.

IT IS SO ORDERED this 19th day of September, 2005.

                                                                                                                     */s/ George Howard, Jr.*
                                                                                                                     UNITED STATES DISTRICT JUDGE