IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PATTI PARRISH                                                                                    PLAINTIFF

v.                                            No. 2:04CV00190 GH

METROPOLITAN LIFE
INSURANCE COMPANY                                                                DEFENDANT

**ORDER**

On June 19th, plaintiff filed a notice of filing documents combined with a motion to remand, if necessary, to the administrator of the plan, in the alternative to require the preparation of transcript of proceedings, and motion for other relief. She relates the efforts that have been made to obtain the documents for the stipulated ERISA record to be filed with the Court and asks that the Court determine that the documents described are sufficient for the purposes of this ERISA proceedings or, in the alternative, that the Court require American Greetings and any other third party who may have some of the documents to produce the transcript and/or other documents that may be required for the plaintiff to prosecute her claim. Plaintiff attaches the documents that she has obtained and asserts that these documents are sufficient to allow her to have a claim because she has been denied her rights – not due to her own fault – because of the inaction and/or bureaucratic snafues of the third parties whom have a fiduciary duty to the plaintiff the provide the information but have neglected and failed to do so.

Defendant responded on July 14th that it is not the claims administrator in the present case and the only document included in the documents submitted by plaintiff is one letter that defendant

-1-

sent on May 12, 2044 at the request of American Greetings informing plaintiff that the determination made on October 6, 2003 by GatesMcDonald constituted the completion of plaintiff' appeal process and that plaintiff had exhausted her administrative remedies.  It continues that it made no determination regarding plaintiff's eligibility for benefits as all determinations were made by either GatesmcDonald or American Greetings.  Defendant contends that remand would be fruitless as defendant was not the claims administrator for plaintiff's claim and made no decision regarding her claim.  It states, that while it is not in possession of the administrative record, many of the documents submitted by plaintiff could not be part of any administrative record as correspondence after May 12, 2004, the date plaintiff was informed by GatesMcDonald that she had exhausted her administrative remedies could not be part of the record as the claims administrator would not have based any decision on these documents.  Defendant continues that while the remaining documents appear to be part of the administrative record, they are not the complete administrative record and so defendant objects to their introduction to the extent that plaintiff asserts the documents are the complete administrative record and that it is obvious that the entities she contacted attempted in good faith to obtain the information requested.  Regarding the request that American Greetings be ordered to produce a transcript and/or other documents, defendant argues that the Court lacks jurisdiction because American Greetings is not a party in this action.  In sum, defendant objects to the admission of certain documents as part of the administrative record, objects that the remaining documents be deemed the compete record, and requests that the remand to the claims administrator be denied.

After reviewing the correspondence attached to plaintiff's motion, it is clear that every effort has been made by plaintiff, defendant, American Greetings and GatesMcDonald to locate any

documents related to plaintiff's claim. The Court agrees with defendant that the post-administrative proceedings correspondence should not be considered part of the administrative record and that the record submitted by plaintiff in her attachment is not complete, despite her diligent efforts to obtain all documents.

Under these circumstances, the Court is persuaded that the best option is to proceed on the only record currently available and have the parties file their briefs pursuant to the ERISA scheduling order. In their briefs, the parties can point out any omissions in the record and any recommendation for remedying the deficiency, if necessary.

Accordingly, plaintiff's June 19th motion (#26) to remand, to require preparation of transcript of proceedings and for other relief is hereby denied without prejudice. The Court will proceed on the record as defined in this order. The parties are directed to file their briefs pursuant to the ERISA scheduling order.

IT IS SO ORDERED this 6th day of December, 2006.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE